OPINION
Appellant Philip Anderson is appealing the decision of the Holmes County Court of Common Pleas, Domestic Relations Division, regarding various orders the trial court entered concerning child support. The following facts give rise to this appeal.
The trial court granted a divorce, to the parties in this appeal, on November 1, 1995. Five children were born as issue of the marriage. Pursuant to the divorce decree, the trial court designated Appellee Viola Anderson the residential parent of Misty, Richard and Candice. The trial court designated appellant the residential parent of William and Robert. On January 3, 1997, appellee filed a motion for emergency, temporary custody of William and Robert as appellant was incarcerated in the Holmes County Jail. The trial court granted appellee's motion.
Appellant remained incarcerated until the end of May, 1997. During his incarceration, he worked forty hours a week, on work release privileges, and earned $4.35 an hour. Appellant maintained this employment until July 8, 1997, when he began working at AKRO Corporation. Appellant worked forty hours a week at AKRO Corporation and earned $6.86 an hour. In addition, appellant earned time-and-a-half overtime for an average of twelve hours per week.
On May 7, 1997, appellee modified her previous motion and requested permanent custody of Robert and William. On August 5, 1997, following a hearing in this matter, the magistrate issued a decision granting appellee's motion for permanent custody. The trial court ordered the Holmes County Child Support Enforcement Agency to investigate the matter of child support and recommend, to the trial court, a child support obligation. On August 20, 1997, the Holmes County Child Support Enforcement Agency filed its recommendation of $737 per month child support.
Appellant requested an administrative review. After exhausting his administrative remedies, appellant sought review by the trial court. The trial court conducted the review hearing on January 20, 1998. The magistrate issued his findings on February 10, 1998. The magistrate completed three child support worksheets reflecting appellant's different employment situations during this time period. The first two worksheets reflect appellant's employment situation during the pendency of this matter. The last child support worksheet reflects his employment situation on the date of the decision.
Appellant timely filed objections to the magistrate's decision. Although the trial court granted appellant time to prepare a transcript, of the hearing, before the magistrate, appellant failed to do so. Subsequently, the trial court adopted the magistrate's decision on April 13, 1998. Appellant timely filed a notice of appeal and also prepared a transcript of the magistrate's hearing. Appellant sets forth the following assignments of error for our consideration:
 I. COURT ABUSED ITS DISCRETION BY MODIFING (SIC) THE SUPPORT ORDER AND PREPARING THREE DIFFERENT CHILD SUPPORT WORKSHEETS.
 II. COURT ABUSED ITS DISCRETION BY NOT FOLLOWING THE MANDATES OF OHIO REVISED CODE 3113.215 IN PREPARING CHILD SUPPORT GUIDELINES.
 III. COURT ABUSED ITS DISCRETION BY FAILING TO CONSIDER APPELLANTS (SIC) MOTION TO DEVIATE FROM CHILD SUPPORT GUIDLINES (SIC).
 IV. COURT ABUSED IT S (SIC) DISCRETION BY FAILING TO DEVIATE FROM CHILD SUPPORT GUIDLINES (SIC).
 I, II, III, IV
We will address all four of appellant's assignments of error simultaneously. When appellant filed objections to the magistrate's decision, he did not file a transcript of the proceedings before the magistrate. Appellant did prepare a transcript of proceedings, before the magistrate, for purposes of this appeal. We cannot address the issues raised in appellant's appeal because appellant's failure to file a transcript of the evidence, with his objections, in the trial court, precludes review on appeal. See Grange Mut. Cas. Co. v. Klatt (March 18, 1997), Franklin App. No. 96APE07-888, unreported.
Further, Civ.R. 53(E)(3)(b) provides, in pertinent part:
 * * * Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. A party shall not assign as error on appeal the court's adoption of any finding of fact or conclusion of law unless the party has objected to that finding or conclusion under this rule.
Since appellant's objections, presented to the trial court, were not supported with a transcript of the proceedings before the magistrate, we cannot address appellant's assignments of error. Although appellant filed a transcript of proceedings with this Court, we cannot consider the transcript nor address appellant's assignments of error because the transcript was not part of the record below.
Appellant's first, second, third and fourth assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Holmes County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Holmes County, Ohio, is affirmed.